UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATUL PACHORI**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NIPPON KAIJI KYOKAI CORPORATION**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br>**SECTION**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

**COMPLAINT FOR INTENTIONAL DISCRIMINATION**

The Complaint of Atul Pachori ("Mr. Pachori") respectfully represents:

**JURISDICTION**

1. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"), and 42 U.S.C. § 2000e *et seq*. ("Title VII"), for intentional discrimination on the basis of national origin. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

**VENUE**

2. Venue is proper for this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana, specifically in an around New Orleans, and the Defendant regularly transacts business in this District.

1

## PARTIES

3. The plaintiff is Atul Pachori, who is a person of full age of majority and resident of Jefferson Parish, Louisiana. Mr. Pachori was 67 years old at the time of his termination. Further, Mr. Pachori is a person of Indian national origin.

4. Made defendant herein is NIPPON KAIJI KYOKAI CORPORATION ("ClassNK"), a foreign corporation doing business in Louisiana and authorized to transact business in the state of Louisiana, with its principal business establishment Louisiana located in Metairie, Louisiana. ClassNK is engaged in the business of providing maritime services to vessels including the survey, auditing, and inspection of maritime vessels. ClassNK has over 500 employees internationally and over 30 employees in the United States.

## STATEMENT OF FACTS

5. Mr. Pachori began working for ClassNK on April 1, 2001, as a Senior Surveyor for vessels in Miami, Florida, where he opened and managed ClassNK's branch office. Mr. Pachori dutifully fulfilled his job duties for twelve years when, on October 15, 2013, Mr. Pachori was transferred to ClassNK's New Orleans office

6. Mr. Pachori began working in ClassNK's New Orleans office around December 1, 2013. Mr. Pachori most recently worked for ClassNK as Principal Surveyor and Lead Auditor in the New Orleans office earning $143,000.00 per year, with fringe benefits.

7. At all material times, Mr. Pachori was an exemplary employee for ClassNK. He has received no warnings, write-ups, negative comments, or reprimands related to the quality or volume of his work.

8. During December 2019, ClassNK forced C. Ron Riemer to resign, who was one of the older employees in the New Orleans branch, and approximately the same age as Pachori. Mr. Riemer was replaced by a much younger surveyor, who is still under training.

9. During 2019, ClassNK determined by internal management review that they did not have enough employees in their New Orleans office, as a result of an "increase in work load following environmental changes", namely flooding of the Mississippi River. ClassNK's plan to address this inadequacy was to "increase number of surveyors" in 11 offices, including New Orleans. ClassNK's 2019 Yearly Management Review also indicated a plan to "increase number of staff as part of human resource allocation plan for 2020 in New York, Miami, and Los Angeles.

10. ClassNK's Yearly Management Review to all offices included a section on the New Orleans office, indicating that the New Orleans office's opportunity for "improvement of personal skills for improvement of job quality" was to focus on "employment and education of young surveyors."

11. On January 16, 2020, Pachori was notified by letter from Stewart Saedong Lee ("Mr. Lee"), the Country Manager for ClassNK over U.S. operations, that he was terminated, effective December 31, 2020.

12. On January 20, 2020, Mr. Pachori sent an email to Mr. Lee pleading to rescind his termination notice.

13. On February 12, 2020, after Pachori inquired about his termination, he was advised by A. Naruse, from the ClassNK Human Resources Department, that his termination "is the result of our decent consideration between Head office and Country Manager." In that

3

message, Pachori was told "[w]e thank you a lot for your operation on NK activities for 19 years. Your high quality survey performance are expected as the same now until December 31, 2020."

14. Pachori's March 14, 2020 Annual Performance Review was fully satisfactory and he received no comments on further necessary training.

15. After Mr. Pachori was notified of his termination, but before his actual termination, ClassNK began soliciting applications for Mr. Pachori's replacement.

16. Pachori wrote again to Mr. Lee on June 30, 2020, asking ClassNK to reconsider its decision to terminate him.

17. ClassNK's employee handbook states: "ClassNK is an equal opportunity employer and will not discriminate on the basis of race, religion, color, sex, religion, sexual orientation, national origin, age, ancestry, marital status, being a party to a civil union, handicap or disabilities or perception of disabilities, political activity, or other protected class status. Discrimination in violation of this policy is prohibited."

18. Mr. Pachori filed a charge of discrimination on the basis of age and national origin with the Equal Employment Opportunity Commission on or about September 23, 2020.

19. Mr. Pachori received a right to sue notice issued April 28, 2021, authorizing him to bring private suit against ClassNK. Mr. Pachori provided written notice of his intent to sue at least thirty days prior to the filing of this complaint. This complaint is timely filed within 90 days of plaintiff's receipt of the right-to-sue notice.

## COUNT I
### AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND LA. R.S. 23:312

20. Defendant ClassNK are employers within the definition of 29 U.S.C. § 630(b), who employee over 500 employees internationally and over 30 employees in the United States. ClassNK is further subject to Louisiana's Prohibition of Age Discrimination, La. R.S. 23:312.

21. The plaintiff was over forty years of age at the time of the discrimination complained of in this complaint. Specifically, Mr. Pachori was 67 years old at the time he was notified of his termination.

22. Mr. Pachori was and is qualified and capable to perform the duties of Principal Surveyor and Lead Auditor for ClassNK, which job can be performed not only in New Orleans, but any of ClassNK's many offices in the United States.

23. ClassNK terminated Mr. Pachori because of his age, without consideration of his ability to perform the job, further disclosed their discriminatory intent through their Yearly Management Review's express intention to focus on "employment and education of young surveyors" in the New Orleans office, even though the New Orleans office was singled out for an "increase [in the ] number of surveyors."

24. ClassNK's direct and unambiguous statement that age of surveyors was the principal consideration for the New Orleans office demonstrates that Mr. Pachori's age was the determining factor in ClassNK's decision to fire him.

25. As a result of ClassNK's discrimination of Mr. Pachori on the basis of his age, Mr. Pachori sustained damages including, without limitation, loss of past and future lost wages and fringe benefits, including back pay and front pay, lost promotional opportunities, lost career advancement opportunities, emotional distress, mental anguish, humiliation, damage to reputation, expenses finding further employment, and all other damages as will be shown more fully at trial.

26. By their intentional discrimination against Mr. Pachori, ClassNK have maliciously and/or with reckless indifference violated the federally protected rights of Mr. Pachori, and are therefore liable for punitive damages.

27. Mr. Pachori is further entitled to receive attorney's fees and costs of litigation pursuant to the Fair Labor Standards Act's provision for attorney's fees, which incorporates claims filed under the Age Discrimination in Employment Act.

## COUNT II
### NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII AND LA. R.S. 23:332

28. Paragraphs 1 – 27 are incorporated by reference.

29. At all relevant times, ClassNK was the employer of Mr. Pachori, and is subject to Title VII pursuant to 42 U.S.C. § 2000e(b), and are further subject to the Louisiana Employment Discrimination Law, La. R.S. 23:332.

30. Mr. Pachori received different and adverse treatment ClassNK on the basis of Mr. Pachori's Indian national origin.

31. Mr. Pachori's salary was arbitrarily suppressed over the years by ClassNK, in particular by the Country Manager, Mr. Lee, on the basis of Mr. Pachori's Indian national origin.

32. Mr. Pachori's comparators of Korean national origin and other national origins received favorable treatment and base salary compared to Mr. Pachori, which treatment and base salary was made on the basis of national origin.

33. In order to earn the same salary as his Korean comparators and persons of other national origins working within the United States, Mr. Pachori was forced to work extensive overtime and conduct substantially more surveys.

34. Mr. Pachori was not paid for work time from 8:30 – 9:00, or 17:00 – 17:30, while other employees of Korean origin were paid for all time worked.

35. Mr. Pachori was subjected to unwelcome harassment in the workplace, described in paragraphs 30 – 35. In doing so, ClassNK have violated the Plaintiff's fundamental rights as

provided Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e *et seq*. Specifically, Defendants have violated § 2000e-2(a), which provides that it shall be unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's…national origin".

36. As a result of ClassNK's discrimination of Mr. Pachori on the basis of his national origin, Mr. Pachori sustained damages including, without limitation, loss of past and future lost wages and fringe benefits, including back pay and front pay, lost promotional opportunities, lost career advancement opportunities, emotional distress, mental anguish, humiliation, damage to reputation, expenses finding further employment, and all other damages as will be shown more fully at trial.

37. By their intentional discrimination against Mr. Pachori, ClassNK have maliciously and/or with reckless indifference violated the federally protected rights of Mr. Pachori, and are therefore liable for punitive damages.

38. Mr. Pachori is further entitled to receive attorney's fees and costs of litigation pursuant to the Fair Labor Standards Act's provision for attorney's fees, which incorporates claims filed under the Title VII.

39. Mr. Pachori took affirmative steps to mitigate his damages by seeking alternate employment at all times commencing at his formal discharge on December 31, 2020.

40. Mr. Pachori is entitled to and requests a trial by jury on all issues so triable.

**WHEREFORE**, Complainant, ATUL PACHORI, prays for a trial by jury and after due proceedings are had, that there be judgment herein in his favor and against defendant NIPPON KAIJI KYOKAI CORPORATION, for all sums reasonable under the premises, compensatory damages, back pay and front pay, punitive damages, attorney's fees, costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief the plaintiff is entitled in equity or law.

                                              **Respectfully submitted:**

                                              **BRUNO & BRUNO, L.L.P.**

                                              */s/ Daniel A. Meyer*
                                              Joseph M. Bruno (La. Bar # 3604)
                                              Daniel A. Meyer (La. Bar # 33278)
                                              855 Baronne Street
                                              New Orleans, Louisiana 70113
                                              Telephone: (504) 525-1335
                                              Facsimile: (504) 562-6775
                                              Email: dmeyer@brunobrunolaw.com
                                              *Attorneys for Atul Pachori*