## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATUL PACHORI,** | **CIVIL ACTION NO. 2:21-CV-00925** |
| **Plaintiff,** | **SECTION** |
| **v.** | **JUDGE: NANNETTE JOLIVETTE BROWN** |
| **NIPPON KAIJI KYOKAI CORPORATION,** | **MAGISTRATE: DANA DOUGLAS** |
| **Defendant.** | |

## ANSWER TO COMPLAINT

**COMES NOW** the Defendant Nippon Kaiji Kyokai ("ClassNK" or "Defendant") (incorrectly named by Plaintiff as "Nippon Kaiji Kyokai Corporation"), by and through its attorney of record, and responds to Plaintiff Atul Pachori's ("Plaintiff") Complaint for Intentional Discrimination (the "Complaint," Dkt. 1) as follows:

## GENERAL DENIALS

Except as expressly admitted below, Defendant denies each and every allegation against it and denies liability to Plaintiff.

Plaintiff's headings are repeated below solely for organizational purposes.  If a response to these headings is necessary, Defendant specifically denies, and does not adopt, the allegations and characterizations set forth in these headings.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, waiver, ratification, release, consent, and/or *estoppel*.

## THIRD DEFENSE

Any damages allegedly sustained by Plaintiff are the result of his own actions or omissions and were not caused by Defendant.

## FOURTH DEFENSE

Plaintiff's claims for back pay and other damages are barred to the extent that Plaintiff failed to mitigate his damages.

## FIFTH DEFENSE

Defendant asserts that if Plaintiff prevails on his claims against Defendant, which are at all times denied, Defendant is entitled to an offset of any amounts claimed by Plaintiff based on his actual earnings and/or compensation from a collateral source and/or the amounts Plaintiff could have earned by exercising due diligence to find other work.

## SIXTH DEFENSE

Plaintiff's claims are barred in that at all times mentioned in the Complaint, the actions and conduct of Defendant were undertaken in good faith, and in a reasonable belief that such actions and conduct were lawful and valid.

## SEVENTH DEFENSE

The termination of Plaintiff's employment was in all respects lawful as Plaintiff's employment was terminable at will.

## EIGHTH DEFENSE

If Plaintiff has suffered any damages, which Defendant specifically denies, such damages are the results of the acts or omissions of third parties.

## NINTH DEFENSE

Plaintiff is not entitled to attorneys' fees.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or, in part, by the applicable prescriptive period and/or statute of limitations.

## ELEVENTH DEFENSE

Plaintiff's claims fail for vagueness and/or ambiguity of his Complaint.

## TWELFTH DEFENSE

Assuming, *arguendo*, that Defendant had any improper motive toward Plaintiff, Defendant would have made the same decision with regard to Plaintiff's employment, even in the absence of such a motive.  To the extent the actions complained of took place, if any, they were in no way motivated by his age, or any other protected characteristics, but were based solely on legitimate, non-discriminatory business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant made all employment decisions concerning Plaintiff based on legitimate factors other than his purported membership in a protected class.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims differ or exceed the scope of his Charge of Discrimination filed with the EEOC, such claims fail to state a claim upon which relief can be granted and are barred because Plaintiff failed to meet prerequisites for bringing those claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because any of Defendant's acts or omissions were done in good faith and Defendant had reasonable grounds for believing that any act or omissions, if there are such acts or omissions, were not in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), or any other law.

## RESERVATION OF RIGHTS

Defendant reserves all other defenses available under any law or statute relied on by Plaintiff.  Defendant further reserves the right to amend its Answer and Affirmative Defenses and to revise answers and/or add defenses or counterclaims which may become known during the course of litigation.

**AND NOW HAVING ASSERTED AFFIRMATIVE DEFENSES**, Defendant answers the allegations in Plaintiff's Complaint as follows:

### JURISDICTION

1.          This action is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"), and 42 U.S.C. § 2000e *et seq*. ("Title VII"), for intentional discrimination on the basis of national origin. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

**Response to Paragraph 1**: Defendant admits that Plaintiff's Complaint purports to assert claims pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"), and 42 U.S.C. § 2000e *et seq*. ("Title VII") and that this Court has subject matter jurisdiction over ADEA and Title VII claims pursuant to 28 U.S.C. § 1331.

**VENUE**

2.      Venue is proper for this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana, specifically in an around New Orleans, and the Defendant regularly transacts business in this District.

**Response to Paragraph 2**: Defendant admits that venue is proper in the Eastern District of Louisiana.  Defendant denies all other remaining allegations set forth in Paragraph 2 of the Complaint, if any.

**PARTIES**

3.      The plaintiff is Atul Pachori, who is a person of full age of majority and resident of Jefferson Parish, Louisiana. Mr. Pachori was 67 years old at the time of his termination. Further, Mr. Pachori is a person of Indian national origin.

**Response to Paragraph 3**: Defendant admits that Plaintiff is a person of full age of majority and resident of Jefferson Parish, Louisiana.  Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint for lack of sufficient information to justify a belief therein.

4.      Made defendant herein is NIPPON KAIJI KYOKAI CORPORATION ("ClassNK"), a foreign corporation doing business in Louisiana and authorized to transact business in the state of Louisiana, with its principal business establishment in Louisiana located in Metairie, Louisiana. ClassNK is engaged in the business of providing maritime services to vessels including the survey, auditing, and inspection of maritime vessels. ClassNK has over 500 employees internationally and over 30 employees in the United States.

**Response to Paragraph 4**: Defendant Nippon Kaiji Kyokai ("ClassNK" or "Defendant") (incorrectly named by Plaintiff as "Nippon Kaiji Kyokai Corporation"), admits that it is a foreign

corporation with an office located in Metairie, Louisiana and that it has several offices throughout the world which cover different geographic areas for providing a variety of maritime services. Defendant denies the remaining allegations as written contained in Paragraph 4 of the Complaint.

## STATEMENT OF FACTS

5.      Mr. Pachori began working for ClassNK on April 1, 2001, as a Senior Surveyor for vessels in Miami, Florida, where he opened and managed ClassNK's branch office. Mr. Pachori dutifully fulfilled his job duties for twelve years when, on October 15, 2013, Mr. Pachori was transferred to ClassNK's New Orleans office.

**Response to Paragraph 5**: Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Mr. Pachori began working in ClassNK's New Orleans office around December 1, 2013. Mr. Pachori most recently worked for ClassNK as Principal Surveyor and Lead Auditor in the New Orleans office earning $143,000.00 per year, with fringe benefits.

**Response to Paragraph 6**: Defendant admits that Plaintiff began working in ClassNK's New Orleans office around December 1, 2013. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      At all material times, Mr. Pachori was an exemplary employee for ClassNK. He has received no warnings, write-ups, negative comments, or reprimands related to the quality or volume of his work.

**Response to Paragraph 7**: Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.       During December 2019, ClassNK forced C. Ron Riemer to resign, who was one of the older employees in the New Orleans branch, and approximately the same age as Pachori. Mr. Riemer was replaced by a much younger surveyor, who is still under training.

**Response to Paragraph 8**: Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.       During 2019, ClassNK determined by internal management review that they did not have enough employees in their New Orleans office, as a result of an "increase in work load following environmental changes", namely flooding of the Mississippi River. ClassNK's plan to address this inadequacy was to "increase number of surveyors" in 11 offices, including New Orleans. ClassNK's 2019 Yearly Management Review also indicated a plan to "increase number of staff as part of human resource allocation plan for 2020 in New York, Miami, and Los Angeles.

**Response to Paragraph 9**: Defendant submits that the written material cited in Paragraph 9 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

10.      ClassNK's Yearly Management Review to all offices included a section on the New Orleans office, indicating that the New Orleans office's opportunity for "improvement of personal skills for improvement of job quality" was to focus on "employment and education of young surveyors."

**Response to Paragraph 10**: Defendant submits that the written material cited in Paragraph 10 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 10 of the Complaint as written.

11.     On January 16, 2020, Pachori was notified by letter from Stewart Saedong Lee ("Mr. Lee"), the Country Manager for ClassNK over U.S. operations, that he was terminated, effective December 31, 2020.

**Response to Paragraph 11**: Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     On January 20, 2020, Mr. Pachori sent an email to Mr. Lee pleading to rescind his termination notice.

**Response to Paragraph 12**: Defendant admits that Plaintiff sent an email carbon copying Mr. Lee, but Defendant submits that the written material cited in Paragraph 12 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material.

13.     On February 12, 2020, after Pachori inquired about his termination, he was advised by A. Naruse, from the ClassNK Human Resources Department, that his termination "is the result of our decent consideration between Head office and Country Manager." In that message, Pachori was told "[w]e thank you a lot for your operation on NK activities for 19 years. Your high quality survey performance are expected as the same now until December 31, 2020."

**Response to Paragraph 13**: Defendant submits that the written material cited in Paragraph 13 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 13 of the Complaint as written.

14.     Pachori's March 14, 2020 Annual Performance Review was fully satisfactory and he received no comments on further necessary training.

**<u>Response to Paragraph 14</u>**: Defendant submits that the written material cited in Paragraph 14 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material.

15.     After Mr. Pachori was notified of his termination, but before his actual termination, ClassNK began soliciting applications for Mr. Pachori's replacement.

**<u>Response to Paragraph 15</u>**: Defendant denies the allegations contained in Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16.     Pachori wrote again to Mr. Lee on June 30, 2020, asking ClassNK to reconsider its decision to terminate him.

**<u>Response to Paragraph 16</u>**: Defendant admits that Plaintiff sent an email on June 30, 2020 to the ClassNK HR department and other individuals at ClassNK, but Defendant submits that the written material cited in Paragraph 16 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material.

17.     ClassNK's employee handbook states: "ClassNK is an equal opportunity employer and will not discriminate on the basis of race, religion, color, sex, religion, sexual orientation, national origin, age, ancestry, marital status, being a party to a civil union, handicap or disabilities or perception of disabilities, political activity, or other protected class status. Discrimination in violation of this policy is prohibited."

**<u>Response to Paragraph 17</u>**: Defendant submits that the written material cited in Paragraph 17 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 17 of the Complaint as written.

18.     Mr. Pachori filed a charge of discrimination on the basis of age and national origin with the Equal Employment Opportunity Commission on or about September 23, 2020.

**Response to Paragraph 18**: Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint and, accordingly, denies them.

19.     Mr. Pachori received a right to sue notice issued April 28, 2021, authorizing him to bring private suit against ClassNK. Mr. Pachori provided written notice of his intent to sue at least thirty days prior to the filing of this complaint. This complaint is timely filed within 90 days of plaintiff's receipt of the right-to-sue notice.

**Response to Paragraph 19**: Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint and, accordingly, denies them.

<u>**COUNT I**</u>
**AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND LA. R.S. 23:312**

20.     Defendant ClassNK are employers within the definition of 29 U.S.C. § 630(b), who employee over 500 employees internationally and over 30 employees in the United States. ClassNK is further subject to Louisiana's Prohibition of Age Discrimination, La. R.S. 23:312.

**Response to Paragraph 20**: The allegations contained in Paragraph 20 of the Complaint assert legal conclusions for which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     The plaintiff was over forty years of age at the time of the discrimination complained of in this complaint. Specifically, Mr. Pachori was 67 years old at the time he was notified of his termination.

**Response to Paragraph 21**: Defendant admits that Plaintiff was over 40 years at the time of his termination but denies the remaining allegations in Paragraph 21 of the Complaint for lack of information to justify a belief therein.

22.     Mr. Pachori was and is qualified and capable to perform the duties of Principal Surveyor and Lead Auditor for ClassNK, which job can be performed not only in New Orleans, but any of ClassNK's many offices in the United States.

**Response to Paragraph 22**: Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     ClassNK terminated Mr. Pachori because of his age, without consideration of his ability to perform the job, further disclosed their discriminatory intent through their Yearly Management Review's express intention to focus on "employment and education of young surveyors" in the New Orleans office, even though the New Orleans office was singled out for an "increase [in the ] number of surveyors."

**Response to Paragraph 23**: Defendant submits that the written material cited in Paragraph 23 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 23 of the Complaint as written.

24.     ClassNK's direct and unambiguous statement that age of surveyors was the principal consideration for the New Orleans office demonstrates that Mr. Pachori's age was the determining factor in ClassNK's decision to fire him.

**Response to Paragraph 24**: Defendant submits that the written material cited in Paragraph 24 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 24 of the Complaint as written.

25.     As a result of ClassNK's discrimination of Mr. Pachori on the basis of his age, Mr. Pachori sustained damages including, without limitation, loss of past and future lost wages and fringe benefits, including back pay and front pay, lost promotional opportunities, lost career

advancement opportunities, emotional distress, mental anguish, humiliation, damage to reputation, expenses finding further employment, and all other damages as will be shown more fully at trial.

**Response to Paragraph 25**: Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     By their intentional discrimination against Mr. Pachori, ClassNK have maliciously and/or with reckless indifference violated the federally protected rights of Mr. Pachori, and are therefore liable for punitive damages.

**Response to Paragraph 26**: Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Mr. Pachori is further entitled to receive attorney's fees and costs of litigation pursuant to the Fair Labor Standards Act's provision for attorney's fees, which incorporates claims filed under the Age Discrimination in Employment Act.

**Response to Paragraph 27**: Defendant denies the allegations contained in Paragraph 27 of the Complaint.

**COUNT II**
**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF**
**TITLE VII AND LA. R.S. 23:332**

28.     Paragraphs 1 – 27 are incorporated by reference.

**Response to Paragraph 28**: Paragraph 28 of the Complaint requires no answer of Defendant because it merely incorporates the allegations of Paragraphs 1 – 27 of the Complaint by reference. To the extent a response is required, Defendant incorporates and re-avers its responses to Paragraphs 1 – 27 of the Complaint by reference.

29.     At all relevant times, ClassNK was the employer of Mr. Pachori, and is subject to Title VII pursuant to 42 U.S.C. § 2000e(b), and are further subject to the Louisiana Employment Discrimination Law, La. R.S. 23:332.

**Response to Paragraph 29**: The allegations contained in Paragraph 29 of the Complaint assert legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Mr. Pachori received different and adverse treatment ClassNK on the basis of Mr. Pachori's Indian national origin.

**Response to Paragraph 30**: Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Mr. Pachori's salary was arbitrarily suppressed over the years by ClassNK, in particular by the Country Manager, Mr. Lee, on the basis of Mr. Pachori's Indian national origin.

**Response to Paragraph 31**: Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Mr. Pachori's comparators of Korean national origin and other national origins received favorable treatment and base salary compared to Mr. Pachori, which treatment and base salary was made on the basis of national origin.

**Response to Paragraph 32**: Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     In order to earn the same salary as his Korean comparators and persons of other national origins working within the United States, Mr. Pachori was forced to work extensive overtime and conduct substantially more surveys.

**Response to Paragraph 33**: Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Mr. Pachori was not paid for work time from 8:30 – 9:00, or 17:00 – 17:30, while other employees of Korean origin were paid for all time worked.

**Response to Paragraph 34**: Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Mr. Pachori was subjected to unwelcome harassment in the workplace, described in paragraphs 30 – 35. In doing so, ClassNK have violated the Plaintiff's fundamental rights as provided Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e *et seq*. Specifically, Defendants have violated § 2000e-2(a), which provides that it shall be unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's...national origin".

**Response to Paragraph 35**: The Defendant denies that Plaintiff was subject to unwelcome harassment in the workplace. The remaining allegations contained in Paragraph 35 of the Complaint assert legal conclusions for which no response is required. To the extent a response is required, Defendants submit that the written material cited in Paragraph 35 is the best evidence of its contents and deny any characterization contrary to the terms of that written material and re-avers its responses to Paragraphs 30-35 of the Complaint by reference.

36.     As a result of ClassNK's discrimination of Mr. Pachori on the basis of his national origin, Mr. Pachori sustained damages including, without limitation, loss of past and future lost wages and fringe benefits, including back pay and front pay, lost promotional opportunities, lost career advancement opportunities, emotional distress, mental anguish, humiliation, damage to reputation, expenses finding further employment, and all other damages as will be shown more fully at trial.

**Response to Paragraph 36**: Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     By their intentional discrimination against Mr. Pachori, ClassNK have maliciously and/or with reckless indifference violated the federally protected rights of Mr. Pachori, and are therefore liable for punitive damages.

**Response to Paragraph 37**: Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Mr. Pachori is further entitled to receive attorney's fees and costs of litigation pursuant to the Fair Labor Standards Act's provision for attorney's fees, which incorporates claims filed under the Title VII.

**Response to Paragraph 38**: Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Mr. Pachori took affirmative steps to mitigate his damages by seeking alternate employment at all times commencing at his formal discharge on December 31, 2020.

**Response to Paragraph 39**: Defendant denies the allegations contained in Paragraph 39 of the Complaint for lack of sufficient information to justify a belief therein.

40.     Mr. Pachori is entitled to and requests a trial by jury on all issues so triable.

**Response to Paragraph 40**: Paragraph 40 of the Complaint contains no factual allegations against Defendant, and therefore, no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff demands a trial by jury.

**WHEREFORE**, Complainant, ATUL PACHORI, prays for a trial by jury and after due proceedings are had, that there be judgment herein in his favor and against defendant NIPPON KAIJI KYOKAI CORPORATION, for all sums reasonable under the premises, compensatory damages, back pay and front pay, punitive damages, attorney's fees, costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief the plaintiff is entitled in equity or law.

**Response to "Wherefore" Paragraph**: Defendant objects to Plaintiff's demand with respect to any claim, issue or element of relief to which Plaintiff is not entitled to a jury trial as a matter of right. Defendant denies that Plaintiff is entitled to any relief from Defendant whatsoever.

                              **JACKSON LEWIS P.C.**

                              *s/ Katelyn W. Harrell*
                              KATELYN W. HARRELL
                              La. Bar Roll No. 35164
                              E-mail: Katelyn.Harrell@jacksonlewis.com
                              JACKSON LEWIS P. C.
                              650 Poydras Street, Suite 1900
                              New Orleans, Louisiana 70130
                              Telephone:     (504) 208-1755
                              Facsimile:     (504) 208-1759

                              COUNSEL FOR DEFENDANT

                  **<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on July 12, 2021, I electronically filed the foregoing document with

the Clerk of the Court by using the CM/ECF system.

                              *s/ Katelyn W. Harrell*
                                 KATELYN W. HARRELL