UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATUL PACHORI,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**NIPPON KAIJI KYOKAI CORPORATION,**<br><br>     **Defendant.** | **CIVIL ACTION NO. 2:21-CV-00925**<br><br>**SECTION "G"**<br><br>**JUDGE: NANNETTE JOLIVETTE BROWN**<br><br>**MAGISTRATE: DANA DOUGLAS** |

## STIPULATED PROTECTIVE ORDER

Plaintiff Atul Pachori, and Defendant Nippon Kaiji Kyokai ("ClassNK" or "Defendant") (incorrectly named by Plaintiff as "Nippon Kaiji Kyokai Corporation"), agree as follows:

**WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action have or may seek the production or the use of documents or information including but not limited to those relating to or setting forth personal medical information, trade secrets, development, contractual, customer, financial, sales, distribution, commercial or other proprietary information belonging to the parties or thirds parties, and which are deemed to be confidential.

**THEREFORE**, an Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

    1.    This Order shall govern the use, handling and disclosure of all documents, testimony, exhibits and/or information produced or given in this action, or any other material that may be subject to discovery, that are designated to be subject to this Order.

    2.    Any party or non-party (collectively, "Producing Party") producing or filing documents or materials (or any portion of the information contained in them) in this action that have been deemed confidential for the reasons set forth in the preamble may designate such

documents or materials and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If the document, material or information is not in paper form, the Producing Party shall use other such reasonable means as necessary to clearly identify the documents or information as "Confidential."

3. During the time that documents designated as "Confidential" are disclosed in a deposition, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or document is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" by any party objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection of confidentiality is waived. A party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days of the date of the objection. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived. All persons shall treat as "Confidential" the portion of the transcript containing an objection of confidentiality unless and until the Court has overruled the objection by the above-described motion procedure.

4. The inadvertent disclosure of a document that could properly be designated as "Confidential" shall be without prejudice to the Producing Party. The Producing Party shall have a thirty (30) day period from the date of production to designate such documents and information as "Confidential."

5. The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case

or any other federal or state proceeding. This provision will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to limit a party's right to conduct a review of documents for relevance, responsiveness or segregation or privileged or protected information before production.

6. Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons; receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein:

a. **Counsel for the parties**, and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this action, including without limitation, whether retained counsel or in-house counsel, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

b. **The Court, Court personnel, staff or employees and Court reporters** to whom disclosure is reasonably necessary for this action**;**

c. The **parties** to this action, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation;

d. **Independent experts, investigators or consultants and their employees**. No documents or information designated as "Confidential" shall be provided to any expert or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by singing a copy of the attached "Declaration of Compliance;"

e.  **Fact witnesses** who are providing testimony in this action or who have obtained a stipulation from the parties that such witnesses need to know such information and who have signed the "Declaration of Compliance;"

f.  **Present or former employees of the Producing Party** in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure) and who have signed the "Declaration of Compliance;"

g.  **Professional vendors** to whom disclosure is reasonably necessary for this action and who have signed the "Declaration of Compliance; and

h.  Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order. No documents or information designated as "Confidential" shall be provided to any such persons (excluding subparts (c)) until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

7.  Documents produced pursuant to this Order will not be made available to any person designated in Subparagraph 9(d)-(g)) unless he or she first reads this Order, agrees to be bound by its terms and signs the Declaration of Compliance.

8.  This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated "Confidential" in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.6.

9.  All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential"

4

hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, other than solely for the purpose of this litigation and in preparation for trial in accordance with the provisions of this Order.

10.     Nothing in this Order shall prevent a party from using at deposition, mediation, trial, or any hearing, any information or materials designated "Confidential."

11.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry or this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.     Within sixty (60) days of the conclusion of this action, including the termination of any appeal, and following a written request by the designating person, all documents, transcripts, or other material (including copies) afforded "Confidential" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, (a) must be returned to the Producing Party, or (b) must be destroyed by the parties who received the documents with counsel for the parties certifying in writing that the documents have been destroyed, unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product that contains portions of materials marked "Confidential." This work product continues to be confidential under the terms of this Order.

13. If at any time any party having possession, custody, or control of "Confidential" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production or disclosure of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as "Confidential" within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the "Confidential" material, whichever is earlier.

14. Except pursuant to prior order of the Court after a request for the release of "Confidential" documents under this Order, "Confidential" documents may not be disclosed.

15. The fact that information or documents have been designated "Confidential" shall in no way prejudice the right of any party to contest the confidential nature of any documents or information, at the time of trial or otherwise.

16. This order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for the purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

      So ordered,

_____ Date: _____
Honorable Dana Douglas

**SUBMITTED BY AND AGREED TO:**

| | |
|---|---|
| **JACKSON LEWIS P.C.** | **BRUNO & BRUNO, LLP** |
| *s/ Katelyn W. Harrell* | */s/ Daniel E. Meyer* |
| KATELYN W. HARRELL | JOSEPH M. BRUNO, SR. (La. Bar # 3604) |
| La. Bar Roll No. 35164 | DANIEL A. MEYER (La. Bar # 33278) |
| E-mail: Katelyn.Harrell@jacksonlewis.com | 855 Baronne Street |
| JACKSON LEWIS P. C. | New Orleans, Louisiana 70113 |
| 650 Poydras Street, Suite 1900 | Telephone: (504) 525-1335 |
| New Orleans, Louisiana 70130 | Facsimile: (504) 562-6775 |
| Telephone:    (504) 208-1755 | jbruno@brunobrunolaw.com |
| Facsimile:    (504) 208-1759 | dmeyer@brunobrunolaw.com |
| COUNSEL FOR DEFENDANT | COUNSEL FOR PLAINTIFF |

**EXHIBIT A**
**DECLARATION OF COMPLIANCE**

I, _____ , declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this Litigation on _____ _____, 20__.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Louisiana for the purposes of enforcing the Stipulated Protective Order in this action.

1

2

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 202__.

_____

NAME (Printed)

_____

SIGNATURE

_____

ADDRESS

_____

TELEPHONE NUMBER