UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATUL PACHORI,** <br>     **Plaintiff,** <br><br> v. <br><br> **NIPPON KAIJI KYOKAI CORPORATION,** <br>     **Defendant.** | CIVIL ACTION NO. 2:21-CV-00925 <br><br> SECTION <br><br> JUDGE: NANNETTE JOLIVETTE BROWN <br><br> MAGISTRATE: DANA DOUGLAS |

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, Nippon Kaiji Kyokai Corporation ("ClassNK"), respectfully submits this Reply Memorandum in Support of its Motion for Summary Judgment. As is set forth below and in ClassNK's Memorandum in Support of its Motion for Summary Judgment, this Court should dismiss Plaintiff's claims for national origin discrimination because Plaintiff did not suffer an adverse employment action due to his national origin, and the only ClassNK surveyor who made more money than Plaintiff was of the same national origin as Plaintiff.[1]

### I. LAW AND ARGUMENT

    a.    **Plaintiff's Total Compensation Is the Relevant Consideration Here.**

Plaintiff argues that this Court should examine Plaintiff's salary but not take into account Plaintiff's total compensation, including overtime compensation, to evaluate whether or not a disparity existed between Plaintiff's compensation and the compensation of comparators of different national origins. Plaintiff does not provide legal support for this argument and provides no reason to conduct the analysis in the way he suggests.

---

[1] While ClassNK does not concede that age discrimination occurred in Plaintiff's case, ClassNK recognizes that factual issues exist that preclude summary judgment on Plaintiff's age discrimination claims.

Under Title VII Plaintiff's total compensation – not just his base salary – must be viewed in light of the total compensation of each surveyor to determine fairly whether or not ClassNK discriminated against Plaintiff.[2] Plaintiff cannot overcome his burden to demonstrate that this total compensation was more than all but one of his Korean comparators in 2020, and more than all of his Korean comparators in 2018 and 2019.[3] Further, the surveyor paid the most by ClassNK was of Indian national origin, as is Pachori.

### b. Plaintiff Cannot Establish a *Prima Facie* Case of National Origin Discrimination Because the Highest Paid Surveyor at ClassNK Was in His Protected Class.

The *McDonnell Douglas*[4] framework requires Pachori to establish a *prima facie* case of racial discrimination, the elements of which, in the context of race discrimination, are as follows: (1) he was within the protected class; (2) he was qualified for the position at issue; (3) his employment status was adversely affected; and (4) he was replaced by someone outside his protected class or shows that other similarly situated employees were treated more favorably than he was.[5]

While ClassNK admits that Plaintiff is a member of a protected class as an individual of Indian national origin, he cannot demonstrate that other similarly situated employees were treated more favorably than he was due to his protected class. In fact, the highest paid surveyor at ClassNK in 2018 (both in base salary and total compensation) was of Indian national origin.[6] In

---

[2] "[A]ll forms of compensation irrespective of the time of payment, whether paid periodically or deferred until a later date, and whether called wages, salary, profit sharing, expense account, monthly minimum, bonus, uniform cleaning allowance, hotel accommodations, use of company car, gasoline allowance, or some other name" are totaled and used as the metric for determining compensation. 29 C.F.R. § 1620.10. Title VII, which mirrors the Equal Pay Act, requires consideration of all compensation, as well." *Fields v. Stephen F. Austin State Univ.*, 2014 U.S. Dist. LEXIS 185689 (E.D. Tex. Dec. 10, 2014).
[3] Exhibit A-1 to Declaration of Katelyn Harrell.
[4] *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).
[5] *Bryan v. McKinsey & Co. Inc.,* 375 F.3d 358, 360 (5th Cir. 2004).
[6] Exhibit A-1 to Declaration of Katelyn Harrell.

addition, the highest paid surveyor at ClassNK in total compensation in 2019 and 2020 was of Indian national origin, and the base salary of that Indian individual was only 1.97% less than the only Japanese comparator.[7] Thus, Plaintiff cannot demonstrate a *prima facie* case of national origin discrimination.

### c.  Plaintiff's National Origin had No Bearing on the Amount of Plaintiff's Compensation.

Even if Pachori were able to establish a *prima facie* case under the *McDonnell Douglas* framework, Pachori cannot demonstrate that his base salary disparity was a pretext for discrimination.

While ClassNK has not pointed to a particular formula to calculate compensation, review of the compensation information produced by ClassNK shows that compensation was based on years of experience (the Japanese surveyor who ClassNK paid the highest base salary in 2019 and 2020 and the South Korean surveyor based out of Houston had more years of experience than Pachori),[8] as well as cost of living in the areas where surveyors were based (ClassNK paid the South Korean surveyor with less experience than Pachori who lived in Seattle as well as the South Korean surveyor based in New York and the Indian surveyor living in New York more than Pachori because the cost of living in Seattle and New York is among the highest in the country).[9] This is consistent across ClassNK's compensation decisions, as ClassNK paid the South Korean surveyor living in Houston with fewer years of experience than Pachori less than Pachori.[10] Thus,

---

[7] Id.
[8] Id.
[9] See Exhibit A-2 to Declaration of Katelyn Harrell, Andrew Dehan, *10 Most Expensive Cities in the US*, RocketMortgage.com, Dec. 14, 2021 Article listing Seattle, Washington and 2 Boroughs in New York as most expensive cities in the United States.  https://www.rocketmortgage.com/learn/most-expensive-cities-in-the-us (last visited Mar. 8, 2022).
[10] Id.

the actual numbers tell a story that Pachori refuses to confront – ClassNK did not discriminate against Pachori on the basis of his national origin.

## II.   CONCLUSION

For the foregoing reasons, ClassNK respectfully requests that this Court grant its Motion for Summary Judgment and dismiss Plaintiff's La. R.S. 23:332 and Title VII national origin discrimination claims against it, with prejudice.

Respectfully submitted this 8th day of March, 2022.

> *s/ Katelyn W. Harrell*
> Susan Fahey Desmond(#25380)
> susan.desmond@jacksonlewis.com
> Katelyn W. Harrell (#35164)
> Katelyn.Harrell@JacksonLewis.com
> **JACKSON LEWIS P.C.**
> 650 Poydras Street, Suite 1900
> New Orleans, Louisiana  70130
> Telephone:    (504) 208-1755
> Facsimile:    (504) 208-1759
> **COUNSEL FOR DEFENDANT,**
> **NIPPON KAIJI KYOKAI CORPORATION**

4859-8299-1122, v. 3